IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID BIRD | ) | CASE NO: |
| 8183 Stradford Drive, Apartment 616 | ) | |
| North Royalton, Ohio 44133 | ) | JUDGE |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | |
| CARGILL, INCORPORATED | ) | (Jury Demand Endorsed Herein) |
| 2400 Ships Channel, Whiskey Island | ) | |
| Cleveland, Ohio 44113 | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, by and through undersigned counsel, as his Complaint against Defendant, states and avers the following:

## INTRODUCTION

1. Plaintiff is a resident of the city of North Royalton, county of Cuyahoga, and state of Ohio.

2. Cargill Incorporated ("Cargill") is a Foreign Corporation that operates a place of business at 2400 Ships Channel, Whiskey Island, Cleveland, Ohio 44113.

3. Cargill is an employer, pursuant to 42 U.S.C. § 12111.

4. At all times material herein, Cargill was Bird's "employer" within the meaning of Ohio Rev. Code § 4112.

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Bird is alleging federal law claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

6. Within two years of the conduct alleged below, Plaintiff filed a Charge of Discrimination with the Ohio Civil Rights Commission ("OCRC"), specifically, Charge No. 22A-2022-03715.

7. On October 20, 2022, Plaintiff received a Right to Sue letter, dismissing Charge No. 22A-2022-03715, attached as Exhibit A.

8. Plaintiff has properly exhausted his administrative remedies.

9. Plaintiff files this Complaint within 90 days of receiving his Right to Sue letter from the OCRC.

10. All material events alleged in this Complaint occurred in Cuyahoga County.

11. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which a substantial part of the events giving rise to the claims alleged in this Complaint occurred.

12. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

13. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTUAL ALLEGATIONS

14. Bird incorporates by reference the allegations from the preceding paragraphs as if fully realleged herein.

15. Bird worked for Cargill from 1979 until he was terminated on July 8, 2021.

16. Bird was an engineer at Cargill's facility located at 2400 Ships Channel, Whiskey Island, Cleveland, Ohio 44113

17. Cargill maintains a vast network of forward storage facilities located across North America, and provides deicing products that save lives, enhance commerce, and reduce environmental impact from coast to coast.

18. Bird had no history of poor work performance or discipline during his employment with Cargill.

19. On May 18, 2021 Bird was hospitalized with Atrial fibrillation.

20. Bird requested, and was approved, for FMLA leave from May 18, 2021 to July 6, 2021.

21. When Bird returned to work on July 6, 2021, he was immediately escorted off the property and instructed to return on July 8, 2021.

22. When Bird returned to work on July 8, 2021, he was terminated.

23. Cargill terminated Bird in retaliation for Bird exercising his FMLA rights.

24. Alternatively, Cargill terminated Bird because he is disabled, or Cargill perceives him as disabled.

25. Alternatively, Cargill terminated Bird because of his age.

## COUNT I: FMLA RETALIATION

26. Bird restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

27. Bird was an eligible employee, pursuant to 29 U.S.C. § 2611 (2)(A) and was entitled to leave, pursuant to 29 U.S.C. § 2612 (a)(D).

28. Cargill terminated Bird because of Bird's exercise of rights afforded by the FMLA and, in doing so, Cargill violated the FMLA's proscriptions against retaliation.

29. As a result of Cargill's unlawful conduct, Bird has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## COUNT II: DISABILITY DISCRIMINATION

30. Bird incorporates by reference the allegations from the preceding paragraphs as if fully restated herein.

31. Throughout his employment, Bird was fully competent to perform the duties of his position at Cargill.

32. Bird, at all times material herein, was disabled.

33. Cargill terminated Bird because of Bird's disability and/or because Cargill regarded Bird as disabled.

34. Cargill's termination of Bird, because of Bird's disability and/or Cargill's perception of Bird as disabled, was in violation of Ohio Rev. Code § 4112.

35. As a result of Cargill's unlawful conduct, Bird has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## COUNT III: AGE DISCRIMINATION

36. Bird incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

37. Bird is over 40 years old and, as such, a member of a statutorily protected group, pursuant to Ohio Rev. Code § 4112.

38. Throughout his employment, Bird was fully competent and qualified for his position with Cargill.

39. Ohio Rev. Code § 4112 provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's age.

40. Cargill terminated Bird because of Bird's age, in contravention of Ohio Rev. Code § 4112.

41. As a result of Cargill's unlawful conduct, Bird has suffered, and will continue to suffer, pecuniary damages and emotional harm.

**CONCLUSION**

Plaintiff, seeks judgment against Defendant in an amount in excess of $25,000 to fully, fairly, and justly compensate him for injury, damage, and loss, and respectfully prays that this Court enter judgment in his favor and award him past economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, all reasonable attorney's fees, costs and expenses, and any additional legal or equitable relief available under law, including, but not limited to back pay, future losses, reinstatement, and promotion.

Respectfully Submitted,

/s/ *Claire I. Wade*
Claire I. Wade (0093174)
Sobel, Wade & Mapley, LLC
55 Erieview Plaza, Ste 370
Cleveland, Ohio 44114
T: (216) 223-7213
F: (216) 223-7213
Wade@swmlawfirm.com

*Attorney For Plaintiff*

## **JURY DEMAND**

Plaintiff demands a trial by jury by the maximum number of jurors permitted.

/s/ *Claire I. Wade*
Claire I. Wade (0093174)

*Attorney for Plaintiff*